No. 40,186

C. A. KENNEDY, *Appellant*, v. THE FARMERS & MERCHANTS STATE BANK OF MACKSVILLE, KANSAS, a Corporation, *Appellee* and *Cross-Appellant*.

(313 P. 2d 264)

Opinion filed July 3, 1957.

*Robert Garvin, Evart Garvin* and *Morris Garvin*, all of St. John, were on the briefs for the appellant.

*Harry G. Wiles* and *Emerson Shields*, of St. John, and *S. R. Blackburn, Tudor W. Hampton, Jerry M. Ward*, and *J. W. Hannah*, all of Great Bend, were on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

PARKER, C. J.: Despite quibbles by the parties as to its nature it may be stated that this, in reality, was an action by the plaintiff to recover from the defendant for breach of an oral contract. Neither party being satisfied with the judgment rendered by the trial court, in conformity with the general verdict of a jury, each has appealed.

Nothing would be gained by detailing the pleadings and, for present purposes, it will suffice to say they join issue on questions respecting the terms and provisions of, and the force and effect to be given, an alleged oral agreement whereby plaintiff gave defendant a check for $3,500, the proceeds of which were to be ultimately deposited in the open checking account of one Vern Newby, who was then a customer of the bank, for the purpose of enabling such individual to purchase cattle.

With issues joined as heretofore related, and after the court had overruled a demurrer to the petition which defendant had made a part of its answer, the cause came on for trial by a jury. During a spirited trial, covering the major portion of three days, defendant's demurrer to plaintiff's evidence was overruled. Thereafter, and

at the close of defendant's evidence, the trial court gave the jury written instructions. Among such instructions was instruction No. 5 which, so far as the record discloses, was unobjected to at the time of its submission and therefore became the law of the case.

The instruction just mentioned outlines in a general way the issues joined by the pleadings, as well as the theory on which the cause was tried, and is therefore of value for informative purposes. It reads:

"The Jury are instructed that in this case if the plaintiff has established by a preponderance of the evidence that the defendant bank and plaintiff entered into an agreement whereby plaintiff was to advance the $3,500.00 and the bank was to service the loan to Newby in order that Newby could buy cattle, and was to take a note and mortgage from Newby, and that plaintiff was to receive two-thirds of six percent interest to be charged on the note, and the bank was to receive one-third of the six percent interest, and that the defendant bank failed to comply with the agreement and neglected to obtain the note and mortgage from Newby, then plaintiff would be entitled to recover from the defendant bank the sum of $3,500.00, together with the full amount of six percent interest per annum from January 7, 1947.

"Should you find, however, that the agreement was that the plaintiff simply left the money at the bank to advance to Newby to buy cattle with, and that the defendant bank instead of advancing to Newby the entire amount of $3,500.00, first applied the amount of $1,747.22 to indebtedness therefore incurred by Newby by reason of the bank's having advanced him that amount plus interest to buy cattle, then, the plaintiff if he establishes that fact by the preponderance of the evidence, would be entitled to recover from the defendant bank the portion of the $3,500.00 which was not directly advanced to Newby, or $1,747.22, with interest at six percent per annum from January 7, 1947.

"It is the contention of the defendant in this case, however, that the plaintiff left the $3,500.00 with the bank to be advanced to Newby, that the plaintiff was to bring Newby to the bank, or see that he came to the bank, in order to have a note and mortgage prepared, and that in addition that plaintiff knew that the bank had advanced money to Newby prior to the plaintiff's leaving $3,500.00 with the bank and that those advancements by the bank to Newby were part of the same transaction for the purchase of cattle by Newby. Now, if the defendant establishes these facts in support of his contention as to the transaction, then it will be the duty of the jury to find a verdict in favor of the defendant."

Following the giving of instructions the cause was submitted to the jury which in due time returned a verdict in favor of the plaintiff and against the defendant for the sum of $1,747.22, with interest at six percent from January 7, 1947, along with its answers to special questions submitted by the trial court. Thereupon plaintiff filed a motion for judgment on the special questions and the

defendant filed a motion to set aside answers to certain special questions and a motion for a new trial. When all these motions were overruled the trial court approved the general verdict and rendered judgment. These appeals, wherein plaintiff contends he was entitled to judgment for the full amount of his claim and the defendant that plaintiff was entitled to no recovery whatsoever, followed.

Heretofore we have quoted instruction No. 5 at length, wherein the trial court specifically instructed the jury that on the basis of the evidence presented by the parties it could return one of three verdicts in the case. We have also noted that, since the record disclosed no objection thereto, such instruction became the law of the case. From what has been previously related it appears that the jury returned a verdict in exact accord with the second paragraph of such instruction, thereby rejecting the theory on which appellant based his right of recovery under the evidence (See first paragraph of instruction No. 5) and likewise rejecting the theory on which appellee and cross-appellant based its right to a verdict in its favor under the evidence. (See third paragraph of instruction No. 5.)

Notwithstanding what has been heretofore related, appellant contends the answers made to two of the special questions, which we must assume were submitted by the trial court for the purpose of clarifying whatever verdict the jury might reach on the basis of instruction No. 5 as submitted, compel a judgment on the special questions *non obstante veredicto*. Under the confronting facts and circumstances, since it is not contended the answers to the special questions compel a verdict on either of the other theories submitted under the foregoing instruction and it cannot be denied the jury returned a verdict in accord with the law of the case, we are inclined to the view appellant cannot be heard to say that he is entitled to judgment *non obstante veredicto* on a theory different from those submitted under such instruction. Even so we are not inclined to base this decision entirely upon that premise. We have examined all answers to special questions, including the two on which appellant relies, and find nothing in any of such answers which, when reviewed in the light of the entire record, warrant a conclusion that the jury found, as appellant contends, that under the evidence the $3,500.00 paid appellee by appellant (1) was to be credited to Vern Newby as a special deposit under the

agreement or (2) that appellee had misappropriated the full amount of that sum in violation of its terms. So construed the special questions are consistent with each other, as well as the general verdict. If follows the trial court did not err in approving such verdict or in rendering judgment in accord therewith.

We come now to errors assigned by appellee and cross-appellant as grounds for reversal of the judgment. Having carefully examined the record, and all arguments advanced with respect thereto, we have no difficulty whatsoever in concluding its claims that the trial court erred in overruling (1) its demurrer to the petition; (2) its demurrer to the appellant's evidence; and (3) its motion to strike the answers to certain special questions on the ground they are not supported by evidence, lacks merit and cannot be upheld.

So far as appellee's motion for a new trial is concerned it must be conceded there is some merit to questions it raises with respect to the admission of evidence and remarks made by the trial court in ruling thereon. Nevertheless, our extended examination of the record convinces us that such irregularities were technical in nature and did not prejudice appellee's substantial rights. Therefore, under express mandate of our statute (G. S. 1949, 60-3317) and all decisions construing the force and effect to be given its terms (See Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, §§ 509, 583, 592, and West's Kansas Digest, Appeal & Error, §§ 901, 1026, 1034), such irregularities must be disregarded and afford no sound basis for the granting of a new trial or reversal of the judgment.

The judgment is affirmed.

FATZER, J., not participating.